IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NAPOLEON HARRIS,

    Plaintiff,

v.                                          CIVIL NO. JKB-18-3562

RYAN D. MCCARTHY,
U.S. DEPARTMENT OF THE ARMY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending before the Court are two Motions related to the testimony of third-party witness Corry McGriff. Mr. McGriff was ordered to show cause by August 25, 2021, as to why he should not be held in contempt of Court, ordered to reimburse Plaintiff, arrested, jailed, and detained until he participates in a long-pending deposition in this case. (*See* ECF No. 52 at 2.) Mr. McGriff has still not responded to the Court's show cause order. This failure to show cause ripens Plaintiff's Second Motion for Civil Contempt (ECF No. 51). However, on August 25, 2021, Defendant filed a Motion to Preclude Testimony of Corry Mr. McGriff (ECF No. 53). The Motions are intertwined because the Motion to Preclude would moot much of the relief sought in Plaintiff's Motion for Civil Contempt. At this point, both Motions are ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the Court will deny Defendant's Motion to Preclude Testimony (ECF No. 53) and grant Plaintiff's Motion for Civil Contempt (ECF No. 51).

Two months ago, the parties agreed that Mr. McGriff should be compelled to testify in this case, even if doing so required the extraordinary mechanism of civil contempt. (*See* ECF

1

Nos 41, 43.) In their Motion to Preclude, Defendant offers no particular reason for their about-face, other than the ongoing challenges with securing Mr. McGriff's testimony. (*See* ECF No. 53 at 2 ("Defendant has devoted considerable resources to attempting to subpoena Mr. McGriff . . . all for naught. Under these circumstances, the Court should preclude Mr. McGriff from testifying at the trial.").) They also offer no authority under which the Court should preclude Mr. McGriff's testimony, a remedy generally reserved for the context of discovery sanctions against an at-fault party, and even then, only rarely. Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also Hines v. Northern W. Va. Operations*, Civ. No. FPS-08-0144, 2009 WL 1228305, at *3–4 (N.D.W. Va. May 1, 2009) (declining to preclude trial testimony of plaintiff who appeared at deposition but refused entirely to testify). The Court sees no reason to preclude the testimony of Mr. McGriff solely based on the challenges in obtaining that testimony—particularly because Plaintiff has had no hand in creating those challenges, and indeed, has worked diligently to resolve them.[1]

Turning to Plaintiff's Motion, Federal Rule of Civil Procedure 45(g) permits "[t]he court for the district where compliance is required" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." To establish the propriety of contempt, a movant must show by clear and convincing evidence: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result." *Commonwealth Constr. Co. v. Redding*, Civ. No. GLR-

---

[1] In the alternative, Defendant seeks the opportunity to depose Mr. McGriff once he complies with the subpoena. (ECF No. 53 at 3.) In response, Plaintiff represents that he has "already agreed with Defendant that Defendant will be allowed to question Mr. McGriff on the record during his deposition." (ECF No. 54-1 at 3.) As the parties appear to have already worked this matter out without the need for Court intervention, the Court declines to rule at this time on the manner in which Mr. McGriff will ultimately be deposed. *See* Local Rule 104.7 ("Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them.").

2

14-3568, 2016 WL 8671536, at *2 (D. Md. May 6, 2016) (quoting *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

Plaintiff has twice detailed exhaustively Mr. McGriff's refusal to comply with a valid Subpoena for Deposition and the expense incurred in attempting to secure Mr. McGriff's compliance. (*See* ECF Nos. 41, 51-1.) Defendant has likewise represented that they have "devoted considerable resources to attempting to subpoena McGriff to a deposition." (ECF No. 53 at 2.) Perhaps most egregiously, Mr. McGriff has flouted, without explanation, a Court order requiring him to appear for a deposition in open court. (*See* ECF No. 48.) Since Plaintiff's filing, Mr. McGriff has also ignored this Court's Order that he show cause as to his non-compliance with both the original subpoena and the Court's prior Orders. (ECF No. 52.) The Court's prior Orders have warned Mr. McGriff that his refusal to comply without good cause would very likely result in him being found in contempt of court. (ECF Nos. 48 at 2, 52 at 2.) Based on these findings of fact, the Court holds Mr. McGriff in civil contempt.

Having made this finding, "[t]he appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motor Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). However, any sanction imposed must be "remedial and temporary and, unlike criminal contempt, nonpunitive." *Id.* These remedies may include "a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *F.T.C. v. RCA Credit Servs., LLC*, Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011) (citations omitted). Both Plaintiff's Motion and the Court's prior Orders have indicated that the appropriate sanction in this case would likely be arrest and incarceration until Mr. McGriff agrees to be deposed, as well as requiring Mr. McGriff to reimburse moneys expended by the parties in preparing for prior, unrealized depositions. (*See* ECF No. 52.) This remedy departs from this Court's ordinary

3

practice of first imposing a daily fine against a contemnor until they purge their contempt by complying with the Court's Orders. *See Trs. of Heating, Piping, & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, Civ. No. JKB-17-3690, 2020 WL 6395292, at *2 (D. Md. Nov. 2, 2020) (collecting cases). Ordinarily, the Court does not resort to arrest for civil contempt unless that preliminary sanction has not proven sufficient to ensure compliance. *Id., see also Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015).

Despite this, the Court concludes that such a departure and direct imposition of the remedy of coercive incarceration is warranted in this case for four reasons. First, the Court has twice warned Mr. McGriff that such a remedy would be employed as a first resort if he continued to ignore Court Orders. (ECF Nos. 48, 52.) Second, Mr. McGriff's refusal to participate in a deposition has delayed this case and the Court sees no reason to impose further delay to see whether a coercive fine will result in compliance. Third, Mr. McGriff has acted with complete impunity to prior attempts to coerce compliance and it is doubtful that the abstract threat of an accruing fine will suffice to correct this behavior. *Clean Air Mech.*, 2020 WL 6395292, at *2 (imposing coercive arrest as a sanction where "experience [with a person] indicates that monetary penalties alone will be insufficient to coerce compliance"). Fourth, as Mr. McGriff is a non-party individual, the Court has no way of ascertaining his financial status and imposition of a significant fine may result in an unexpectedly draconian sanction. *In re Gen. Motor Corp.*, 61 F.3d at 259 (requiring civil sanctions to be nonpunitive); *see also DeLoatch v. Baywood Hotels, Inc.*, Civ. No. JKB-18-3811, 2020 WL 7230758, at *3 (D. Md. Dec. 8, 2020) (declining to impose ordinary monetary sanction where such a sanction "may [ ] be a harsher punishment than [the typically more extreme sanction of] dismissal, given Plaintiff's circumstances"). In sum, the sanction of arrest and coercive incarceration—a penalty the Court has already repeatedly

4

signaled it would impose for continued non-compliance—is the appropriate remedy for Mr. McGriff's civil contempt in this case.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Preclude Testimony (ECF No. 53) will be denied, and Plaintiff's Second Motion for Civil Contempt (ECF No. 51) will be granted.

DATED this \_\_\_\_9\_\_\_\_ day of September, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge