UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NAPOLEON HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 18-cv-3562 (JKB) |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE WORMUTH, SECRETARY, | ) | |
| U.S. DEPARTMENT OF THE ARMY | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO POSTPONE TRIAL

Plaintiff, Napoleon Harris, by and through his undersigned counsel, hereby moves to continue the trial in this matter because Plaintiff has not been able to serve one of his key witnesses with a trial subpoena in this matter, the witness has given conflicting and uncertain information about his intention and ability to appear to testify in this matter, and the witness has a history of failing to comply with a lawful subpoena to appear for deposition in this matter. In further support thereof, Plaintiff states the following:

1. This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act, as amended. Plaintiff alleges the Defendant terminated him in retaliation for engaging in protected activity on July 15, 2013.

2. As evidenced by the Court's Memorandum Denying Defendant's Motion for Summary Judgment, Corry McGriff is a key witness for Plaintiff's case in chief providing evidence to support a finding of pretext. Mr. McGriff worked as a contractor for the Defendant during the relevant period. He worked and communicated with the manager who issued

Plaintiff's termination notice and has first-hand knowledge of Defendant's retaliatory actions and motive.

3. Plaintiff timely notified Mr. McGriff of the trial dates and has been trying to serve him with a trial subpoena. Specifically, process servers informed Plaintiff's Counsel that on August 5, 2022, the process server observed a car in Mr. McGriff's driveway, lights on in the residence, and a dog barking, but no one answered the door. On August 9, 2022, the process server spoke to an occupant of Mr. McGriff's residence who confirmed that Mr. McGriff resides there, but was currently overseas and will be overseas until November 2022. On August 16, 2022, the process server spoke to Mr. McGriff's daughter, who advised that he was out of town and she did not know when he would be back.

4. Mr. McGriff initially informed Plaintiff's counsel that he was out of the country for work and that he would not return to the United States until October 2022. Then, earlier this week, Mr. McGriff emailed Plaintiff's counsel and informed her that he will appear for trial. However, since that email, Mr. McGriff has not responded to any further attempts to communicate with him, by email or phone including an attempt to ascertain whether he would be available to testify by videoconference (if authorized by the Court). Further, as recently as yesterday, an occupant of Mr. McGriff's home informed the process server that Mr. McGriff is and will be out of the country and unable to accept service.

5. Given Mr. McGriff's history of agreeing to sit for a deposition, being lawfully served with a subpoena for deposition, and then failing to appear for deposition on multiple occasions until a warrant was issued for his arrest and executed upon him, Plaintiff cannot rely on Mr. McGriff's word that he will appear for trial, given the importance of Mr. McGriff's testimony.

6.      While the parties previously deposed Mr. McGriff regarding his direct knowledge of the Defendant's retaliatory motive and, if necessary, Plaintiff will move to admit that testimony pursuant to FRE 32, Plaintiff requests that postponement of the trial to secure his testimony be considered first.  Live testimony from Mr. McGriff (whether in person or by video) is necessary to allow Plaintiff to fully present his case because the Defendant has indicated that it plans to present witnesses at trial who will refute Mr. McGriff's testimony.  Since Mr. McGriff may not be present to rebut any proffered testimony, Plaintiff would be prejudiced if a postponement is not granted until Mr. McGriff's presence can be secured.  Further, Mr. McGriff's deposition transcript may not contain specific responses to counter any live testimony the Defendant's witnesses may offer on the day of trial, which could be critical to the outcome of this trial.

7.      Plaintiff notes that he opposed the Defendant's Motion to Postpone Trial last month.  However, at that time, Plaintiff was not aware that Mr. McGriff would be unavailable for trial due to being on work-related travel.  Plaintiff only recently became aware of Mr. McGriff's stated status of being out of the country.

8.      Given that Plaintiff has the burden of proof, and that Mr. McGriff is such a key witness in this case, Plaintiff respectfully requests that the judge reschedule the trial to a date in or after October 2022 when Mr. McGriff has returned to the United States and will be able to provide live testimony to the jury. Defendant objects to this request.

## CONCLUSION

WHEREFORE, Plaintiff hereby requests that the Court GRANT his Motion to Postpone Trial. A proposed Order is enclosed.

RESPECTFULLY SUBMITTED,

ALAN LESCHT AND ASSOCIATES, P.C.

/s/ *N. Campbell*

Nekeisha Campbell [Bar No. 21681]
Alan Lescht & Associates, P.C.
1825 K Street NW, Suite 750
Washington, DC 20006
Tel (202) 315-1738
Fax (202) 463-6067
nekeisha.campbell@leschtlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2022, I filed a copy of the foregoing via the Court's electronic filing system, which will serve notice on:

Evelyn Lombardo Cusson (Bar No. 13926)
Tarra DeShields
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4833
Evelyn.Cusson@usdoj.gov
*Attorney for the Department of the Army*

                              /s/ *N. Campbell*

Nekeisha Campbell [Bar No. 21681]
Alan Lescht & Associates, P.C.
1825 K Street NW, Suite 750
Washington, DC 20006
Tel (202) 315-1738
Fax (202) 463-6067
nekeisha.campbell@leschtlaw.com
*Counsel for Plaintiff*