IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NAPOLEON HARRIS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-18-3562** |
| **CHRISTINE WORMUTH, Secretary, U.S. Department of the Army,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pending before the Court is Plaintiff's Motion to Postpone Trial. (ECF No. 119.) Plaintiff seeks a postponement of the trial because Corry McGriff may not appear. The Court will deny the Motion.

The Motion comes at the eleventh hour—with trial scheduled to begin in less than two business days, on August 22, 2022—although Plaintiff has apparently been aware of the possibility that Mr. McGriff will not appear since August 9, 2022 at the latest. (*See* ECF No. 119 at 2 ("On August 9, 2022, the process server spoke to an occupant of Mr. McGriff's residence who confirmed that Mr. McGriff resides there, but was currently overseas and will be overseas until November 2022.").) Further, Plaintiff has been aware of this trial date since April 12, 2022 (ECF No. 83), but did not seek to secure Mr. McGriff's testimony until August 5, 2022.[1] (ECF No. 119 at 2.) Plaintiff had ample time to secure Mr. McGriff's testimony or identify an alternate means of entering his testimony into evidence.

---

[1] Plaintiff was well aware that there may be difficulties in securing Mr. McGriff's testimony, given that Mr. McGriff only appeared to testify at his deposition after being found in civil contempt and arrested. (*See, e.g.*, ECF Nos. 57, 58, 60.)

1

Setting aside the late hour at which Plaintiff has filed this Motion, the Court has little reason to believe that Mr. McGriff would appear to testify even if the trial were to be postponed, making any such postponement futile. *Clark v. Allen*, 139 F.3d 888 (table) (4th Cir. 1998) ("A court may deny the motion for a continuance where the movant cannot show that an absent witness is likely to become available."). Rather, it seems likely that the Plaintiff would have difficulty securing Mr. McGriff's live testimony, regardless of the trial date. The Motion notes that Mr. McGriff "initially informed Plaintiff's counsel that he was out of the country for work and that he would not return to the United States until October 2022." (*Id.*) However, it does not seem as though international travel is the actual impediment to Mr. McGriff's appearance, as Plaintiff explains that "earlier this week, Mr. McGriff emailed Plaintiff's counsel and informed her that he will appear for trial." (*Id.*) However, "Mr. McGriff has not responded to any further attempts to communicate with him." (*Id.*) Plaintiff has not provided the Court with any reason to believe that a postponement would result in Mr. McGriff's live testimony. Therefore, the Court will deny the Motion.[2]

Further, Plaintiff indicates that he will attempt to introduce Mr. McGriff's deposition testimony into evidence at trial. (*See* ECF No. 119 at 3 ("[T]he parties previously deposed Mr. McGriff regarding his direct knowledge of the Defendant's retaliatory motive and, if necessary, Plaintiff will move to admit that testimony pursuant to FRE 32.").) Defendant explains that it objects to the admission of such evidence. (ECF No. 120 at 2–3.) The Court makes no findings

---

[2] In fact, Plaintiff opposed Defendant's Motion to Postpone the Trial approximately one month ago. (ECF No. 108 (Defendant's Motion to Continue the Trial); ECF No. 110 (Plaintiff's Opposition to Defendant's Motion to Continue the Trial).) Defendant had argued that the trial should be postponed due to witness availability. (ECF No. 108.) In his opposition, Plaintiff argued that "Defendant's belated excuse that its witnesses are not available or will be subjected to hardship is simply not enough to warrant postponing the trial, as Defendant had an obligation to confirm their witnesses' availability for trial three months ago when the parties became aware of the dates." (ECF No. 110 at 2–3.) The same reasoning that led the Court to deny Defendant's Motion to Postpone the Trial a month ago applies here to Plaintiff's Motion.

as to the admissibility of such evidence at this time. Given the potential length of the deposition transcript, counsel are directed to meet and confer before trial commences and agree on which portions of the transcript should be admitted, if any.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Postpone Trial (ECF No. 119) is DENIED and
2. Counsel are DIRECTED to meet and confer regarding the admissibility of Mr. McGriff's deposition testimony prior to the commencement of trial.

DATED this __18__ day of August, 2022.

BY THE COURT:

James K. Bredar
Chief Judge