IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NAPOLEON HARRIS,**   *

   *Plaintiff*,   *

v.   *   Civil Case No: 1:18-cv-03562-JKB

**CHRISTINE WORMUTH,**

   *Defendant.*   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned for settlement by Chief Judge Bredar. (ECF No. 178). In anticipation of the upcoming mediation scheduled for February 2, 2023, the parties raised the issue of what information should be exchanged in support of Plaintiff's claim for attorney's fees so that it could be addressed at the mediation. The Court held a telephone conference today to discuss the issue.

Plaintiff proposes to produce a summary of the time spent for each litigation activity. This summary would roughly track the categories set forth in Appendix B to this Court's Local Rules, and it would include the cumulative time spent on each segment (e.g., case administration, discovery, etc.) as well as the cumulative fees and costs incurred for each segment. Plaintiff is also willing to provide the hourly rate for each of the attorneys and legal professionals who spent time on the case. Defendant asks instead for the detailed billing records that would set forth each time entry so that any entry could be assessed for reasonableness, whether it is duplicative, whether it was spent on an unsuccessful argument, whether it was administrative such that it could have been accomplished by a non-attorney, etc. Plaintiff counters that that those records are extensive and would need to be reviewed and potentially redacted for privileged information

and information protected by the attorney work product doctrine.  Plaintiff also argues that it should not have to undertake such a review at this stage of the litigation, given that it is unknown whether the case will settle and what impact any post-trial motions might have.

      The Court is mindful of the effort that it will take to accomplish such a review.  However, absent Defendant being completely successful with that part of its post-trial motion seeking judgment as a matter of law, it is an effort that Plaintiff would need to undertake at some point anyway.  That is, whether undertaken now or at some point in the future, the burden is only being time-shifted, not eliminated.  The Court also agrees with Defendant that in light of the fees sought—more than $500,0000—providing such detail is necessary to have a meaningful mediation.

      Accordingly, the Court orders the production of the detailed billing records by Close of Business on January 26, 2023, a date Plaintiff indicated in today's telephone conference could be accommodated.  Plaintiff may, of course, make any appropriate redactions to protect information otherwise covered by the attorney-client privilege or work product doctrine.  Plaintiff is cautioned, however, that any such redactions should be limited to such information within the time entry, not the entire entry.  So, for example, it might be appropriate to redact a specific strategy that was discussed in a meeting, but not the fact that the meeting occurred, the attorneys in attendance, or the length/cost.  The Court will not order a privilege log at this point.

Date: <u>January 13, 2023</u>                              /s/
                                                               J. Mark Coulson
                                                               United States Magistrate Judge